592 · KENTUCKY REPORTS. [Vol. 119

Shade's Adm'r v. Covington-Cincinnati Elevated R. R. & Transfer & Bridge Co.

CASE 75—ACTION BY ELIZA SHADE'S ADM'R AGAINST THE COVINGTON-CINCINNATI ELEVATED R. R. & TRANSFER & BRIDGE CO. FOR DAMAGES FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—FEB. 1.

# Shade's Adm'r v. Covington-Cincinnati Elevated R. R. & Transfer & Bridge Co.

APPEAL FROM KENTON CIRCUIT COURT—W. McD. SHAW, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

EVIDENCE—STATEMENTS TO PHYSICIAN—CAUSE OF INJURY—RES GESTAE.

The statement by one injured, some time after the injury, to her physician, that the injury was caused by a fall on ice on defendant's tollbridge, was not admissible as *res gestae* in an action for the injury.

MYERS & HOWARD, ATTORNEYS FOR APPELLANT.

We contend:

1. Where the proof shows that appellant's intestate was in sound and robust health, able to do all her own house-work, and that immediately after the action complained of she was found in an almost helpless condition, was taken to her home, treated for the injuries received on this occasion, and within a few days thereafter died, if such facts did not conclusively prove that death was the result of injuries received, they were certainly sufficient to warrant a submission of the case to the jury as to the cause of her death.

2. Declarations made by the intestate to her physician while suffering pain resulting directly from the injuries received, though made at a different place from that at which the injury occurred, and after an interval of time had elapsed, furnishes the necessary connection between the transaction and the statement that will authorize the admissibility of the statement in evidence as to how the accident occurred.

3. The rule is well settled in this State that if a *prima facie* case is made out, or the evidence tends in any degree to support a right of recovery, it is error to give peremptory instruc-

Shade's Adm'r v. Covington-Cincinnati Elevated R. R. & Transfer
& Bridge Co.

tions. If the case were open to doubt as to the manner in
which the accident to Mrs. Shade happened, or, as the authori-
ties aptly express it, when the evidence is as consistent with
the non-existence of negligence as it is with its existence, then
the peremptory instruction in this case would have been proper..
But when a very reasonable inference from the evidence points
unerringly to the negligence of appellee, the peremptory in-
struction was an error.

## AUTHORITIES CITED.

Shelby's Adm'r v. Railroad Co., 85 Ky., 225; Shackelford's
Adm'r v. Railroad Co., 84 Ky., 44; Gregory v. Nesbit, 5 Dana,
421; Shay v. R. & L. T. Co., 1 —————, 109; Easley v. Eas-
ley, 18 B. M., 93; Trotter v. Sanders, 7 J. J. Mar., 321; Slaughter
v. Morgan, 1 Met., 29; Stephen v. Brook, 2 Bush, 138; Esk-
ridge Exors. v. Cincinnati, &c., R. R. Co., 89 Ky.

GALVIN & GALVIN, FOR APPELLEE.

1. We submit that evidence of statements made by appellant's
intestate to her attending physician, not testified to by the
physician, but by other witnesses who were present and claim-
ing to have heard them, and which were made some days after
the accident occurred, are not part of the *res gestae*, and there-
fore not competent.

2. There is absolutely no proof that decedent fell upon ice or
that she fell at all, unless the statements of the two women as
to declarations made by her to the doctor are admitted.

3. The rule is too well established in this State to need more
than to call attention to some of the cases, that the burden of
showing neglect in a case of this kind rests upon complainant,
and that if the evidence shows that the injury may have re-
sulted from any one of two or more causes, only one of which
was due to defendant's negligence, and the inference that the
injury resulted from the one cause is no stronger than that it
resulted from the other, plaintiff has failed to make out a case,
and it is not competent for the court to leave the question to
the jury.

4. We agree absolutely with the statement of counsel for ap-
pellant in closing their brief, "that if the case were open to
doubt as to the manner in which the accident to Mrs. Shade
happened, or, as the authorities aptly express it, when the evi-

Shade's Adm'r v. Covington-Cincinnati Elevated R. R. & Transfer
& Bridge Co.

dence is as consistent with a non-existence of negligence as it
is with its existence, then the peremptory instruction in the
case would have been proper."

### AUTHORITIES CITED.

Vol. 4, Am. & Eng. Ency. of Law (2d ed.), 943, 945, 951; Frank-
fort Bridge Co. v. Williams, 9 Dana, 403; Shearman & Redfield
on Negligence (5th ed.), secs. 397, 363; Schaefler v. Sandusky,
33 O. S., 246; The Village of Leipsic v. Gerdeman, 68 O. S., 1;
Hughes v. Cincinnati, &c., R. R. Co., 91 Ky., 526; Hughes' Adm'r
v. L. & N. R. R. Co., 23 Ky. Law Rep., 2288; Dame v. Laconia
Car Co., 71 N. H., 407; Omberg v. U. S. Mutual Accident Ass'n,.
101 Ky., 303; Travelers' Insurance Co. v. Moseley, 75 U. S., 397;
Dabbert v. Travelers' Insurance Co., 2 Cin. Sup. Ct. Rep., 98;
Northern Pacific R. R. Co. v. Urlin, 158 U. S., 271; Williams v.
The Great Northern R. R. Co., 37 Lawyers' Rep., Annotated, 199;
Chapin v. The Inhabitants of Marlborough, 9 Gray (Mass.), 244;
Denton v. The State, 1 Swan (Tenn.), 279; L. & N. R. R. Co. v.
Ellis' Adm'r, 97 Ky., 330; Brown v. The Louisville Ry. Co., 21
Ky. Law Rep., 995; C., C. & C. R. R. Co. v. Mara, 26 O. S., 185;
Guild v. Pringle, 130 Fed., 419; B. & O. R. R. Co. v. McClellan,
69 O. S., 143, at 159. "The law demands proof and not sur-
mises." Hughes v. R. R., 91 Ky., *supra;* Hughes' Adm'r v. L.
& N. R. R. Co., 23 Ky. Law Rep., *supra;* U. S. v. Ross, 92 U.
S., 281, 283, 284; Bond v. Smith, 113 N. Y., 378, 385; Dame v.
Laconia Car Co., 71 N. H., *supra.*

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Eliza Shade was discovered on 18th of February, .1902, on
or near the northern end of appellee's bridge, injured; her
leg, or one bone of it, being broken. Possibly she was other-
wise hurt. She was sent in a carriage to her home, in Cov-
ington, and died in a few weeks. Whether she died of the
injuries received on the bridge was not proven. In this suit
by her administrator against appellee, the owner of the toll-
bridge, to recover damages for her injury and death, the
plaintiff declared upon the negligence of appellee in suffer-
ing its bridge to be and remain in unfit condition by the ac-
cumulation of ice and snow upon the passenger footway. At

Shade's Adm'r v. Covington-Cincinnati Elevated R. R. & Transfer
& Bridge Co.

the close of the evidence the court peremptorily directed a verdict for the defendant.

It is doubtful whether there was any evidence that the bridge was in an unfit condition for travel by pedestrians at the place and at the time where Mrs. Shade fell, if she fell on the bridge. That there was considerable ice and snow elsewhere and at other times on the bridge does not satisfy plaintiff's allegation or sustain his action. But assuming that there was at least a scintilla of evidence that the bridge was in dangerous condition throughout from the accumulation of ice and snow negligently allowed by appellee during the whole of the day Mrs. Shade was injured, there is still a hiatus in plaintiff's case. There was no proof that she fell because of the ice and snow, or that she was herself in the exercise of due care, or that her injuries were caused by the condition of the bridge. The witness Waring does not at all identify Mrs. Shade as one of the persons whom he says he helped up from falls about that time. Indeed, his evidence rather shows that she was not. Plaintiff's case rested, if it can be maintained at all, upon the declaration made by Mrs. Shade to her physician, some time after she had been taken to her home, that she had fallen on the ice on the C. & O. bridge (the name by which appellee's bridge is popularly called). It is contended by appellant that her declarations made to her physician in explanation of the cause of her injury, and made to him to enable him to treat it, are of the *res gestae,* and receivable in evidence as such. "Where the bodily and mental feelings of a party are to be proved, the usual and natural expressions of such feelings, made at the time, are considered competent and original evidence in his favor. There are ills and pains of the body, which are proper subjects of proof in a court of justice, which can be

shown in no other way. Such evidence, however, is not to
be extended beyond the necessity on which the rule is
founded. Anything in the nature of narration or statement
is to be carefully excluded, and the testimony is to be con-
fined strictly to such complaints, exclamations, and expres-
sions as usually and naturally accompany and furnish evi-
dence of a present, existing pain or malady." Bacon v.
Charlton, 7 Cush., 586. Here the party whose statement is
offered to be proved was suffering from a physical injury.
What she said to her physician as to the pain it then caused
her, and the effect it had upon her senses, was necessary for
him to know in order that he might intelligently treat the
injury. Under such circumstances, it is presumed that the
party suffering will state truly how she is affected, as other-
wise the medical man might be at a loss as to the remedies
needful to her condition. The incentive for a fair statement
is so great that the presumption is she will not hazard an
untruth to better her financial condition, as by fabricating
a basis of claim against the person charged with her injury
at the expense of her permanent health, or maybe of her
life. For that reason the law allows the proof of what she
said to her physician at the time of his examination, as part
of the *res gestae*. What the injured party may have said to
any one at the time of the injury, or so immediately after
it as to be regarded part of it, as being the verbal part of
a continuing occurrence, would also be admitted, upon fa-
miliar grounds. What was said after the lapse of some
minutes—a half hour or so in this case—to the attending
physician, to aid him in determining the nature of the in-
jury and to prescribe a remedy or treatment, is allowed, as
an extension of the same rule of evidence. It rests logically
upon the necessity of the case. It is matter proper to be

shown, and not susceptible generally of being otherwise proven. But it must stop with the necessity for it. It was necessary for the physician to know whether the patient was suffering, and where the pain was, and as to its character. It was also proper that he should know how the injury was inflicted, as upon that knowledge his treatment, in part, might depend. So it was competent to show that the patient said she had received a blow on her head, if she did say it, and how she was otherwise hurt. But it was wholly immaterial to the physician's understanding what it was necessary for him to know in treating the injuries whether she fell on appellee's bridge or elsewhere, or that she fell on ice.

The opinion in Omberg v. U. S. Mutual Accident Ass'n., 101 Ky., 303, 19 R., 462, 40 S. W., 909, 72 Am. St. Rep., 413, is relied on by appellant. In that case the patient, who was suffering from an inflamed toe, the result of septic poisoning, told his physician that it was caused by a mosquito bite at the affected spot. The evidence was held to be competent on the ground that the statement was necessary, or at least proper, to enable the physician to understand the illness, and was part of the description of the wound, and inseparable from the patient's complaint with respect thereto. But the court was careful to restrict the application of the rule to statements made by the patient to the physician in the treatment of the malady, and added: "A narrative of the events attending the mishaps would not be competent." Nor was a narrative of the events attending the mishap competent in this case.

The judgment must be affirmed.